VILLAGE OF MONTPELIER, APPELLEE, *v.* GREENO, APPELLANT.

[Cite as Montpelier *v.* Greeno (1986), 25 Ohio St. 3d 170.]

(No. 86-118—Decided July 30, 1986.)

*Joseph R. Kiacz,* Bryan city attorney, for appellee.

*Denver G. Bechtol,* for appellant.

*Per Curiam.* The question raised is whether, by pleading guilty, a defendant waives the right to appeal his conviction on the ground that trial was not commenced within the time required under the Ohio Speedy Trial Act. (R.C. 2945.71 *et seq.*)

The general view is that where an accused enters a plea of guilty he waives his right to raise the denial of his right to a speedy trial on appeal.

Annotation (1958), 57 A.L.R. 2d 302, 343. In *Partsch* v. *Haskins* (1963), 175 Ohio St. 139, 141 [23 O.O.2d 419], we observed, in relevant part, that "even assuming petitioner had made a demand for a speedy trial, when he entered his plea of guilty * * *, it amounted to a withdrawal of such demand and waived his right to insist on * * * a speedy trial." See, also, *Everhart* v. *Maxwell* (1964), 175 Ohio St. 514, 516 [26 O.O.2d 177]; *Goman* v. *Maxwell* (1964), 176 Ohio St. 236, 237 [27 O.O.2d 130]; 25 Ohio Jurisprudence 3d (1981) 508, 511, Criminal Law, Section 286. A consistent result was recently reached by the Court of Appeals for Cuyahoga County which held that an accused waives any statutory claim to a speedy trial by pleading guilty. *State* v. *Branch* (1983), 9 Ohio App. 3d 160.

Likewise, contentions that speedy trial violations may be raised on appeal following a guilty plea have been widely rejected by federal and other state authorities. See, *e.g.*, *Tiemens* v. *United States* (C.A. 11, 1984), 724 F. 2d 928, 929; *United States* v. *Yunis* (C.A. 11, 1984), 723 F. 2d 795, 796 (The right to a speedy trial has repeatedly been held to be nonjurisdictional and a guilty plea therefore forecloses the right to assert the nonjurisdictional issue of the denial of a speedy trial on appeal.); *United States* v. *O'Donnell* (C.A. 9, 1976), 539 F.2d 1233, 1236-1237; *United States* v. *Saldana* (C.A. 5, 1974), 505 F.2d 628, 629; *United States* v. *Doyle* (C.A. 2, 1965), 348 F. 2d 715, 718-719[2]; *Gosnell* v. *State* (Ind. 1982), 439 N.E. 2d 1153; *People* v. *Befeld* (1980), 90 Ill. App. 3d 772, 775, 413 N.E. 2d 550, 553 ("A plea of guilty after denial of a motion for dismissal based on lack of speedy trial operates as a waiver of the benefits of the statute."); *People* v. *Friscia* (1980), 51 N.Y. 2d 845, 413 N.E. 2d 1168; Annotation, 57 A.L.R.

---

[2] In rejecting a post-guilty-plea speedy trial appeal in a federal proceeding, Judge Friendly observed in part in *Doyle, supra,* at 718-719 that:

"In our view, the effect of a plea of guilty does not depend on whether an issue sought to be pressed on appeal or in collateral attack might have been, or was in fact, properly raised in advance of trial. An unqualified plea of guilty, legitimately obtained and still in force, bars further consideration of all but the most fundamental premises for the conviction, of which the subject-matter jurisdiction of the court is the familiar example. The claims here asserted have nothing of this quality.

"Appellant argues that this rule runs counter to sound principles of judicial administration since, if a defendant is willing to rely on his ability to convince an appellate court of the validity of his rejected claims as to delay, a trial on the merits ought not be required. The premise is sound enough but the conclusion does not follow. There are a number of ways to deal sensibly with such a case * * *. A plea expressly reserving the point accepted by the court with the Government's consent or a stipulation that the facts are as charged in the indictment are two; failing either of these, the defendant can simply stand on his not guilty plea and put the Government to its proof without developing a case of his own."

Under Ohio practice, we have similarly recognized that a defendant, whose pretrial motion to dismiss for failure to bring him to trial within the time frame of R.C. 2945.71 was overruled by the trial court, may preserve the speedy trial issue on appeal by pleading no contest pursuant to a negotiated plea agreement. *State* v. *Luna* (1982), 2 Ohio St. 3d 57. In *Luna,* we rejected the state's contention that the accused had waived his speedy trial challenge by negotiating a plea of no contest. We observed that "the import of Crim. R. 12(H) is to preserve, not waive, the right to appeal pretrial rulings." *Id.* at 58.

2d 302, *supra,* at 343. Cf. *Hall* v. *State* (1984), 281 Ark. 282, 284, 663 S.W. 2d 926, 927; and *Bailey* v. *State* (Ala. Crim. App. 1979), 375 So. 2d 519, 521.

In the *O'Donnell* case, *supra,* the federal appellate court reconciled its decision with the United States Supreme Court's decision in *Menna* v. *New York* (1975), 423 U.S. 61, which held that a defendant's rights under the Double Jeopardy Clause of the Fifth Amendment are not waived by a plea of guilty.[3] The *O'Donnell* court noted at 1237 that "the very initiation of the proceedings in *Menna* operated to deny the defendant his right against double jeopardy. The Constitution protects him from a second conviction whether its origin is a trial *or a plea of guilty.*" (Emphasis *sic.*) In contrast, the purpose of speedy trial protections "is to insure that factual guilt is validly established. That is, their purpose is to guarantee that the accused's right to a fair trial is not substantially prejudiced by * * * delays. * * * While such [speedy trial] violations preclude the establishment of guilt by trial, that is the extent of their reach. The establishment of guilt by a proper plea is not condemned by these protections."[4] *Id.*

We are in agreement with the legion view that generally a guilty plea waives a defendant's right to raise the statutory right to a speedy trial on appeal.[5]

Accordingly, we affirm the judgment of the court of appeals which granted appellee's motion to dismiss the appeal.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN and WRIGHT, JJ., concur.

DOUGLAS, J., concurs in judgment only.

---

[3] The *Menna* decision was applied in *State* v. *Wilson* (1979), 58 Ohio St. 2d 52, 53-55 [12 O.O.3d 51], where we held that the constitutionality of a statute may be raised on appeal from a guilty plea.

[4] The *O'Donnell* court's view is consistent with language contained in *United States* v. *MacDonald* (1978), 435 U.S. 850, where the high court observed that "[u]nlike the protection afforded by the Double Jeopardy Clause, the Speedy Trial Clause does not, either on its face or according to the decisions of this court, encompass a 'right not to be tried' * * *." *Id.* at 861. Contrary to double jeopardy, speedy trial concerns are not completely independent of the accused's guilt or innocence. *Id.* at 859-860. Prejudice to the accused is an essential component of speedy trial analysis since "[t]he essence of a defendant's Sixth Amendment claim in the usual case is that the passage of time has frustrated his ability to establish his innocence of the crime charged." *Id.* at 860. See, also, *Barker* v. *Wingo* (1972), 407 U.S. 514, 532.

[5] A more colorable claim would be made if issues of ineffective counsel, involuntary plea, coercive plea bargain, etc. were present.