Richard D. Farley appeals a judgment of the Court of Common Pleas of Knox County, Ohio, convicting and sentencing him for trafficking in drugs in violation of R.C. 2925.03, with a specification the offense was committed within 1000 feet of a school and a specification of selling a bulk amount. The brief prepared by appellant's counsel assigns four errors to the trial court:
ASSIGNMENTS OF ERROR
 ASSIGNMENT OF ERROR #1
 THE COURT BELOW ERRED AS A MATTER OF LAW BY REFUSING TO DISMISS THE CHARGES AGAINST DEFENDANT FARLEY FOR FAILURE TO DISCLOSE LAB REPORTS WHETHER FAVORABLE OR UNFAVORABLE AND DRUG SAMPLINGS IN THE POSSESSION OF THE PROSECUTION WELL AHEAD OF TRIAL PURSUANT TO REVISED CODE 2925.51.
 ASSIGNMENT OF ERROR #2
 THE COURT BELOW ERRED AS A MATTER OF LAW BY DENYING DEFENDANT'S MOTION TO DISMISS FOR FAILURE OF THE PROSECUTION TO PROVIDE DISCOVERY.
 ASSIGNMENT OF ERROR #3
 THE COURT BELOW ERRED AS A MATTER OF LAW BY REFUSING TO DISCHARGE DEFENDANT UPON THE FAILURE TO PROVIDE A SPEEDY TRIAL.
 ASSIGNMENT OF ERROR #4
 APPELLANT WAS DENIED ADEQUATE ASSISTANCE OF COUNSEL AND DUE PROCESS OF LAW ACCORDING TO THE CONSTITUTIONS OF THE UNITED STATES OF AMERICA AND THE STATE OF OHIO.
Appellant has submitted a pro se brief which enlarges on assignments of number three and four.
Appellant was indicted on March 4, 1991, for two counts of aggravated trafficking in LSD. Appellant makes a number of allegations which are outside the record before us, but it appears appellant left the jurisdiction to avoid prosecution. Appellant alleges on December 20, 1997, he was arrested in Nebraska and signed a waiver of extradition on December 31, 1997. Appellant was returned to Mount Vernon, in Knox County, Ohio, on January 17, 1998. On March 30, 1998, appellant pled guilty to the charges.
 I II
In his first assignment of error, appellant urges the trial court erred as a matter of law when it overruled his motion to dismiss the charges because the prosecution did not provide copies of tests on drug samples in a timely fashion. Appellant urges there was no reason for the delay, because the tests were done in 1991, seven years before the case was brought to trial. Appellant urges this denied him his right to demand the presence of the examiner, to inspect the sample, and to have the sample tested, all pursuant to R.C. 2925.51.
In his second assignment of error, appellant alleges the prosecution failed to disclose substantial exculpatory evidence.
A plea of guilty constitutes a complete admission of guilt pursuant to Crim. R. 11. We find appellant's guilty plea waives any claimed flaw in the discovery procedure.
The first and second assignments of error are overruled.
 III
In his third assignment of error, appellant argues the court erred as a matter of law when the court overruled his motion to dismiss for speedy trial violations, pursuant to R.C. 2945.71. Again, a plea of guilty waives a speedy trial issue, seeVillage of Montpelier v. Greeno (1986), 25 Ohio St.3d 170.
On authority of Greeno, supra, the third assignment of error is overruled.
 IV
In his fourth assignment of error, appellant urges he was denied the effective assistance of counsel and due process of law. Some of the violations of which appellant complains occurred in Nebraska, and are not only outside the record before us, but also are beyond our jurisdiction to remedy.
In Strickland v. Washington (1984), 466 U.S. 668, the United States Supreme Court articulated a two-prong test requiring an accused to show that counsel's representation falls below an objective standard of essential duty to his client, and also, to show counsel's substandard performance actually prejudiced his ability to receive a fair and reliable trial. The Ohio Supreme Court has adopted this two-pronged test, see State v.Bradley (1989), 42 Ohio St.3d 136.
Appellant lists several instances which he maintains constituted ineffective assistance of counsel. First, appellant reiterates his arguments from I, citing defense counsel's failure to secure drug-sampling tests. Because we find appellant's guilty plea waived this issue, it follows we cannot find counsel's actions were prejudicial.
Next, appellant argues counsel failed to investigate fully, and thus was not informed of all the events surrounding the drug investigation, until approximately five days before trial. Again, because appellant's guilty plea admits the charges, it follows his counsel's behavior did not prejudice him.
Appellant argues defense counsel should have requested a pre-sentence investigation which would have disclosed numerous facts favorable to the appellant. Nevertheless, the sentence which appellant received was within the statutory guidelines, and this court unprepared to say a failure to request a pre-sentence investigation would have had a prejudicial effect on the outcome of this case.
Appellant complains defense counsel did not fully investigate all the circumstances, which prevented him from fully developing the issue of speedy trial. Again, because appellant's guilty plea waives the speedy trial issue, it follows there was no prejudice here. Likewise, appellant's guilty plea waives the issue of the statute of limitations, see, e.g. State v. Brown (1988), 43 Ohio App.3d 39. This court agreed with the Brown court in State v. Cantlebarry (July 27, 1995), Richland App. No. 94CA81, unreported.
Appellant next urges because his defense counsel did not fully investigate all the the case, he failed to move the court to strike the aggravating specification alleging the events occurred within 1000 feet of the school grounds, because appellant maintains he was not aware of the location of the school. Again, appellant's guilty plea admits the specification, so we cannot conclude this prejudiced appellant. Appellant also argues defense counsel should have advised him to go trial rather than accept a plea bargain, because he would received a lesser sentence under the statutory guidelines than he received in the plea bargain. In State v. Rush (1998),83 Ohio St.3d 53, the Ohio Supreme Court held the amended sentencing provisions are not retroactive, and apply only to crimes committed on or after the effective date of July 1, 1996. For this reason, we find this argument has no merit.
Appellant also alleges because he was unacquainted with counsel, he had no opportunity to assess his performance and request new counsel. This is outside the record before us, as is appellant's pro se argument, his counsel told him he had no appealable issue, which resulted in the delay in filing this appeal.
Based upon the foregoing, this court is unable to say appellant was deprived either of his right to due process or of his right to effective assistance of counsel.
The fourth assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Knox County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, J., Wise, P.J., and Farmer, J., concur.
----------------------
----------------------
 ---------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Knox County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence. Costs to appellant.
----------------------
----------------------
 ---------------------- JUDGES