JOURNAL ENTRY AND OPINION
Defendant Frederick D. Talley appeals from his guilty plea to aggravated robbery and asserts that his right to a speedy trial was violated. For the reasons set forth below, we affirm.
On August 5, 1998, defendant was indicted for one count of aggravated robbery, one count of felonious assault, and disrupting public service. The aggravated robbery and felonious assault charges contained one-year and three-year firearm specifications, prior conviction specifications and repeat violent offender specifications. Defendant was represented by counsel and entered not guilty pleas. Thereafter, on October 30, 1998, defendant filed a pro se motion to dismiss for violation of his right to a speedy trial.
The record next reveals that defendant entered into a plea agreement with the state. Pursuant to this agreement, the aggravated robbery and disrupting public service charges were dismissed, all of the specifications of the felonious assault charge were deleted, and defendant pleaded guilty to the felonious assault charge.
On January 19, 1999, defendant filed a pro se motion to vacate his guilty plea. The trial court granted the motion and new counsel was assigned. Defendant again filed a pro se motion to dismiss for violation of his speedy trial rights.
On May 10, 1999, defendant entered into a new plea agreement with the state whereby all of the specifications except the one-year firearm specification were deleted from the aggravated robbery charge. Defendant entered a guilty plea to this charge and the remaining charges were dismissed. The trial court sentenced defendant to three years for the charge plus one year for the specification. Thereafter, on September 13, 1999, defendant filed a pro se motion to vacate the guilty plea. On September 18, 1999, defendant filed a pro se motion to dismiss for violation of his speedy trial rights and a pro se motion for leave to appeal. This court subsequently granted defendant leave to appeal and he now assigns a single error for our review.
Defendant assigns the following error:
 THE APPELLANT WAS DENIED HIS RIGHT TO A SPEEDY TRIAL IN VIOLATION OF OHIO REVISED CODE 2945.71, 2945.72 AND 2945.73.
Within this assignment of error, defendant asserts that he was held in jail in lieu of bail on the charge and was not brought to trial within ninety days. Because defendant entered a guilty plea, this error has been waived and we therefore reject it herein.
In State v. Kelley (1991), 57 Ohio St.3d 127, paragraph one of the syllabus, the Supreme Court stated:
A plea of guilty waives a defendant's right to challenge his or her conviction on statutory speedy trial grounds pursuant to R.C.2945.71(B)(2). (Montpelier v. Greeno [1986], 25 Ohio St.3d 170, 25 OBR 212, 495 N.E.2d 581, applied and followed.) The Court stated:
 In discussing a defendant's speedy trial rights, this court in Montpelier v. Greeno (1986), 25 Ohio St.3d 170, 25 OBR 212, 495 N.E.2d 581, held that "where an accused has entered a plea of guilty he waives his right to raise the denial of his right to a speedy trial on appeal." See, also, Partsch v. Haskins (1963), 175 Ohio St. 139, 141, 23 O.O. 2d 419, 420, 191 N.E.2d 922, 923 ("even assuming petitioner had made a demand for a speedy trial, when he entered his plea of guilty * * *, it amounted to a withdrawal of such demand and waived his right to insist on * * * a speedy trial"); State v. Branch (1983), 9 Ohio App.3d 160, 9 OBR 226, 458 N.E.2d 1287. Thus, we reaffirm the conclusion reached by a majority of this court previously, that a guilty plea waives a defendant's right to challenge his conviction on statutory speedy trial grounds pursuant to R.C. 2945.71 (B)(2).
In accordance with the foregoing, defendant's assignment of error is without merit.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
 ________________________________ ANN DYKE, ADMINISTRATIVE JUDGE
KENNETH A. ROCCO, J., AND ANNE L. KILBANE, J., CONCUR.