OPINION
Defendant, Anthony Ellis, appeals from his conviction for Domestic Violence, R.C. 2919.25(A), and the sentence the court imposed according to law. Ellis presents two assignments of error for review.
 FIRST ASSIGNMENT OF ERROR
DEFENDANT'S CONSTITUTIONAL RIGHT TO A SPEEDY TRIAL (WAS DENIED).
Ellis was arrested on December 26, 1998. He was charged with Domestic Violence, R.C. 2919.25(A), as a first degree misdemeanor. Pursuant to R.C. 2945.71(B)(2), the State was required to bring Ellis to trial within ninety days, absent a waiver of that requirement by Ellis or one of the events specified by R.C. 2945.72 which extends the speedy trial time.
On October 28, 1999, Ellis moved to dismiss the charges against him, alleging a violation of his speedy trial rights. The court denied the motion the following day. A trial commenced on November 2, 1999. Before a verdict was returned, Ellis entered a guilty plea and was convicted on his plea.
The State points out, correctly, that Ellis' guilty plea waived his right to challenge his conviction for a violation of the speedy trial requirements imposed by R.C. 2945.71(B)(2). State v. Kelley (1991),57 Ohio St.3d 127. Montpelier v. Greeno (1986), 25 Ohio St.3d 170. The error which Ellis assigns concerns his Constitutional speedy trial rights, however, which are not likewise waived.
The right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and by Section 10, Article I of the Ohio Constitution. Four factors are relevant in determining whether the right was violated: (1) the length of the delay, (2) the reason for the delay, (3) whether and when the defendant asserted the right to a speedy trial, and (4) whether the defendant has suffered actual prejudice from the delay. Barker v. Wingo (1972), 407 U.S. 514, 92 S.Ct. 2182,33 L.Ed.2d 101. Accord Doggett v. United States (1992), 505 U.S. 647,112 S.Ct. 2686, 120 L.Ed.2d 520.
Ellis was brought to trial eleven months after he was charged and several days after he had asserted his speedy trial right by way of a motion to dismiss. The record indicates a number of reasons for the delay in commencing his trial, including the need to appoint new counsel and the Defendant's failure to appear for trial. Most significant to his claim that his speedy trial right was denied, however, is the fact that Ellis has wholly failed to demonstrate, or even argue, that he suffered any actual prejudice as a result of any delay in commencing his trial. Therefore he has failed to satisfy the fourth prong of the test for a denial of Constitutional speedy trial rights set out in Barker v. Wingo,supra.
The first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR
DEFENDANT'S RIGHT TO HAVE MY CASE HEARD BY A JURY (WAS DENIED).
Pursuant to Crim.R. 23(A), Ellis was required to file a timely written request for a trial by jury of the misdemeanor offense with which he was charged. Ellis failed to file the required request. Therefore, he has waived any error in his trial by the court. Further, Ellis' guilty plea is conclusive of any issue a jury could have determined. Therefore, the error he argues was harmless. The second assignment of error is overruled.
Having overruled the assignments of error presented, we will affirm Ellis' conviction and sentence.
FAIN, J. and YOUNG, J., concur.