OPINION
Defendant-appellant Kenya Collins appeals his convictions and sentences entered by the Stark County Court of Common Pleas on two counts of aggravated trafficking, in violation of R.C. 2925.03(A)(1), following appellant's entering a guilty plea and the trial court's accepting said plea. Plaintiff-appellant is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On April 5, 1993, the Stark County Grand Jury indicted appellant on the aforementioned charges. A capias was issued for appellant's arrest on the same day. The capias was returned on November 27, 2000, following appellant's arrest on November 22, 2000.
On December 29, 2000, appellant filed a Motion to Dismiss pursuant to R.C. 2901.13. The State filed a timely response. Via Judgment Entry filed January 29, 2001, the trial court denied appellant's motion. On February 2, 2001, appellant appeared before the trial court with counsel and advised the trial court he desired to withdraw his former plea of not guilty. The trial court inquired of appellant as to whether or not he desired to plead further. Appellant replied he was guilty of the two counts of aggravated trafficking. The trial court accepted appellant's guilty plea and pronounced his sentence. The trial court memorialized the change of plea and sentenced via Judgment Entry filed February 7, 2001.
It is from these convictions and sentence appellant appeals, raising as his sole assignment of error:
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THE MATTER AGAINST DEFENDANT WAS NOT BARRED BY THE STATUTE OF LIMITATIONS.
 I
Herein, appellant maintains the trial court erred in finding the matter against him was not barred by the statute of limitations.
In his brief to this Court, appellant informs us he entered a plea of no contest to the charges. Appellant did not request a transcript of the hearing on his motion to dismiss or the change of plea hearing. The trial court's February 7, 2001 Judgment Entry, memorializing the change of plea and sentence, states:
 Whereupon the Court having granted leave, the defendant withdrew defendant's plea of not guilty and thereupon the Court inquired of the defendant as to whether or not defendant desired to plead further, to which inquiry the defendant replied that defendant is guilty of the crime of Aggravating Trafficking 2 Cts. [R.C. 2925.03(A)(1)] (F2), as charged in the Indictment, which said plea was accepted by the Court.
A plea of guilty constitutes a complete admission of guilt pursuant to Crim. R. 11. State v. Farley (May 5, 1999), Knox App. No. 98-CA-25, unreported. We find appellant's guilty plea waives a speedy trial issue.Id.; See also, Village of Montpelier v. Greeno (1986), 25 Ohio St.3d 170.
Appellant's sole assignment of error is overruled.
The judgment of the Stark County Court of Common Pleas is affirmed.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.
Hoffman, P.J.
Wise, J. and Boggins, J. concur.