OPINION
Defendant-appellant Anthony Eugene Roberson appeals the May 7, 2002 Judgment Entry Nunc Pro Tunc entered by the Stark County Court of Common Pleas, overruling his Motion to Vacate Void Judgment. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On August 6, 1992, the Stark County Grand Jury indicted appellant on two counts of aggravated trafficking, in violation of R.C. 2925.03(A)(5) and (7), in Stark County Court of Common Pleas Case No. 92-CR-2590. Previously, on November 1, 1991, the Stark County Grand Jury indicted appellant on one count of drug abuse and one count of driving under suspension in Stark County Court of Common Pleas Case No. 91-1913. On August 13, 1992, appellant pled guilty to the charges in Case No. 91-1913, and the trial court sentenced him to a determinate term of imprisonment of six months.
On January 26, 1993, appellant appeared for trial on the two counts of aggravated trafficking in Case No. 92-CR-2590. Appellant moved to dismiss the charges on speedy trial grounds. The trial court denied the motion. The matter proceeded to trial, and during the jury voir dire process, appellant requested a continuance in order to obtain new counsel. The trial court granted appellant's request.
Thereafter, on February 24, 1993, appellant appeared with new counsel and pled guilty to the charges. The trial court sentenced appellant to an indeterminate term of incarceration of six to twenty-five years, with five years actual incarceration, on the R.C. 2925.03(A)(7) conviction; and a concurrent indeterminate term of three to fifteen years, with three years actual incarceration, on the R.C. 2925.03(A)(5) conviction. Appellant timely appealed his convictions and sentences to this Court. In that appeal, appellant assigned as error a violation of his right to a speedy trial. This Court affirmed appellant's convictions and sentences. See, State v. Roberson (July 31, 1995), Stark 5th App. No. CA-9272.
Subsequently, on August 27, 1998, appellant filed a Motion to Withdraw Guilty Plea pursuant to Crim.R. 32.1, again arguing a violation of his speedy trial rights. The trial court denied appellant's motion on September 21, 1998. Appellant appealed the trial court's decision to this Court, asserting the trial court abused its discretion in denying his motion to withdraw his guilty plea on the basis he was denied his constitutional right to a speedy trial. This Court found the trial court did not abuse its discretion in denying the motion. See, State v.Roberson (Nov. 15, 1999), Stark 5th App. No. 1998-CA-00271.
On October 3, 2001, appellant filed a Motion to Vacate Void Judgment, contending his speedy trial rights were violated; therefore, the trial court did not have jurisdiction to accept his guilty plea and subsequently impose conviction and sentence. The trial court treated the motion as a petition for post-conviction relief pursuant to R.C. 2953.21, and dismissed the petition on timeliness and res judicata grounds via Judgment Entry Nunc Pro Tunc filed May 7, 2002.
It is from this judgment entry appellant appeals, raising the following assignments of error:
 "I. THE TRIAL COURT ERRED, AS A MATTER OF LAW IN DIRECT VIOLATION OF THE DUE PROCESS CLAUSE OF THE UNITED STATES CONSTITUTION, WHEN IT CONSTRUED A DIRECT ATTACK ON A VOID JUDGMENT AS A COLLATERAL ATTACK UNDER THE DICTATES OF O.R.C. 2953.21, ET SEQ.
 "II. THE TRIAL COURT CLEARLY LACKED AUTHORITY AND JURISDICTION TO PROCEED IN A MATTER/CAUSE OUTSIDE OF THE LIMITATIONS PLACED BY A STRICT JURISDICTIONAL STATUTE, GIVEN STATUTE PROTECTS SIXTH AMENDMENT RIGHT TO SPEEDY TRIAL."
 I.
In his first assignment of error, appellant maintains the trial court erred in treating his Motion to Vacate Void Judgment as a petition for post-conviction relief. We disagree. In State v. Reynolds (1997),79 Ohio St.3d 158, 679 N.E.2d 1131, the Ohio Supreme Court stated: "Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for post-conviction relief as defined in R.C. 2953.21." Id. at syllabus.
Appellant maintains the trial court's February 24, 1993 Judgment Entry entering his convictions and sentences was void as the trial court lacked subject matter jurisdiction to accept his guilty plea because his speedy trial rights were violated. A speedy trial violation does not render a trial court without subject matter jurisdiction or render a judgment entered by the court void.
By entering a guilty plea, appellant effectively waived his right to challenge his convictions and sentences on speedy trial grounds. See,Village of Montpelier v. Greeno (1986), 25 Ohio St.3d 170, 172,495 N.E.2d 581. Furthermore, appellant raised the issue on direct appeal and in a subsequent motion to withdraw guilty plea. We also find the trial court correctly determined the issue was barred by the doctrine of res judicata. State v. Perry (1967), 10 Ohio St.2d 175, para 9 of the syllabus, 226 N.E.2d 104. Additionally, we find the trial court correctly determined the petition was untimely pursuant to R.C. 2953.23. Based upon the syllabus language of Reynolds, supra, we find the trial court did not err in treating appellant's Motion to Vacate Void Judgment as a petition for post-conviction relief.
Appellant's first assignment of error is overruled.
 II.
In light of our analysis and disposition of appellant's first assignment of error, we find appellant's second assignment of error meritless.
The judgment of the Stark County Court of Common Pleas is affirmed.
HOFFMAN, P.J., GWIN, J., and EDWARDS, J., concur.