OPINION
{¶ 1} This timely appeal comes on for consideration upon the record in the trial court and the parties' briefs. Appellant Andrew Snyder appeals the decision of the Mahoning County Court of Common Pleas convicting him of one count of rape in violation of R.C. 2907.02 (A)(1)(b)(B), a first degree felony, and two counts of sexual battery in violation of R.C.2907.02(A)(5)(B), third degree felonies and his fourteen year sentence. The issues presented to us on appeal are whether the trial court properly sentenced Snyder to consecutive terms and whether Snyder's trial counsel was ineffective for failing to preserve the issue of speedy trial for appeal. However, because Snyder pleaded guilty to all three counts after entering into a joint recommendation with the state, he has waived all of these claims. Accordingly, the decision of the trial court is affirmed.
 {¶ 2} On September 7, 2000, Snyder was secretly indicted by a grand jury and charged with six counts of rape in violation of R.C.2907.02(A)(I)(b)(B) and nine counts of sexual battery in violation of R.C. 2907.03(A)(5)(B). On March 11, 2003, Snyder appeared in court and, pursuant to Crim.R. 11 negotiations, pleaded guilty to one count of rape and two counts of sexual battery. On that same day, the court imposed a jointly recommended sentence which included consecutive terms of eight years for the rape charge and three years for each count of sexual battery.
 {¶ 3} Snyder's first two assignments of error challenges the propriety of his sentence:
 {¶ 4} "The trial court erred when it sentenced Appellant to consecutive sentences without making the necessary statutory findings and supporting justifications for a consecutive sentence."
 {¶ 5} "The trial court erred when it failed to sentence Appellant to the minimum statutory sentence without making the necessary findings thereby violating Appellant's due process rights."
 {¶ 6} However, Snyder's sentence is not subject to appellate review. "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." R.C. 2953.08(D). See also State v. Rhodes (June 6, 2002), 7th Dist. No. 2000 CO 60.
 {¶ 7} Ohio appellate courts have unanimously held that, pursuant to R.C. 2953.08(D), a sentence is "authorized by law" as long as the prison term imposed does not exceed the maximum term prescribed by the statute for the offense. State v. Phifer (May 31, 2002), 7th Dist. No. 01 CA 39. Snyder pled guilty to one count of rape, a first-degree felony, and two counts of sexual battery, third degree felonies. He could have potentially been sentenced to ten years for the rape charge and five years for each sexual battery charge for a total of twenty years. R.C. 2929.14. However, Snyder was sentenced to eight years for the rape charge and three years for each sexual battery charge, for a total of fourteen years. Since these sentences clearly do not exceed the maximum terms for these offenses, Snyder's sentence was authorized by law.
 {¶ 8} Moreover, the sentence in this case was jointly recommended. It is clear from the record that the parties negotiated a plea agreement providing for the specified sentences to run consecutively. This agreement was reduced to writing and presented to the trial court after being orally acknowledged by Snyder and the prosecution. The trial court accepted the agreement and later imposed the recommended sentences. Thus, we are precluded from reviewing these claims since the sentence ordered by the trial court was authorized by law and was jointly recommended by Snyder and the State pursuant to a plea agreement. Snyder's first two assignments of error are meritless.
 {¶ 9} Snyder's third and fourth assignments of error claims that his counsel was ineffective for failing to preserve the speedy trial issue for review:
 {¶ 10} "The trial court erred in not granting Appellant's Motion to Dismiss for violation of his rights to a speedy trial in violation of the rights secured in the Ohio State Constitution § 10, Art. I, and the United States Constitution Amend. VI, XIV."
 {¶ 11} "Appellant was denied his constitutional right to effective assistance of counsel as guaranteed by the United States Constitution Amend. VI as trial counsel failed to file a motion to discharge for violation of Appellant's speedy trial rights or otherwise preserve the issue for appeal."
 {¶ 12} It should first be noted that Snyder in fact filed a pro se motion to dismiss based upon the violation of his speedy trial rights which was overruled by the trial court.
 {¶ 13} A guilty plea constitutes a complete admission of guilt. Crim.R. 11(B)(1). "By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime." State v.Barnett (1991), 73 Ohio App.3d 244, 248 quoting United States v. Broce
(1989), 488 U.S. 563, 570. Thus, the plea renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt. Barnett quoting Menna v. New York
(1975), 423 U.S. 61. This also includes the right to claim that the accused was not provided a speedy trial as required by law. Montpelierv. Greeno (1986), 25 Ohio St.3d 170. This includes the right to claim that the accused was prejudiced by constitutionally ineffective counsel, "except to the extent the defects complained of caused the plea to be less than knowing and voluntary." Barnett at 249.
 {¶ 14} In State v. Kelley (1991), 57 Ohio St.3d 127, the Supreme Court of Ohio held that a guilty plea will be deemed to have been made in the proper manner when the record indicates that the defendant was advised of the following: (1) the nature of the charged offense and the maximum penalty involved; (2) the effect of entering a guilty plea; and (3) the fact that the defendant is waiving his right to a jury trial, his right to confront witnesses against him, his right to have compulsory process, and his right to require the state to prove his guilt beyond a reasonable doubt. See, also Crim.R. 11(C).
 {¶ 15} The question in this case is whether a guilty plea is knowing and voluntary as contemplated by Crim.R. 11 if the defendant is not informed in open court that his speedy trial rights will be waived. Although it could be argued that trial counsel was ineffective for not advising Snyder that a guilty plea would waive the speedy trial issue on appeal, other courts have held that the failure of counsel to advise a defendant of this particular type of information is irrelevant to the determination of whether a guilty plea was made voluntarily and knowingly.
 {¶ 16} The Eighth District held that a guilty plea was not rendered invalid simply because the defendant was not informed that by entering the plea, he waived his right to contest the denial of his motion to dismiss on appeal. State v. Railing (Oct. 20, 1994), 8th Dist. No. 67137. Other courts presented with a similar issue have concluded that counsel's failure to move for a discharge on the basis of a speedy trial violation does not affect the validity of a guilty plea. State v.Johnson (Mar. 4, 1993), 8th Dist. No. 61904, at 9. See, also, State v.Brewer (Mar. 10, 2003), 12th Dist. No. CA2002-03-025; State v. Haynes
(Mar. 3, 1995), 11th Dist. No. 93-T-4911; State v. Capper (Nov. 13, 1998), NO. 97-CA-0094.
 {¶ 17} In the present case, Snyder pleaded guilty to all three counts. Significantly, Snyder does not challenge the voluntariness of his plea. He merely alleges that counsel was ineffective for failing to preserve the speedy trial issue for appeal. Pursuant to the logic of several of our sister districts, which we now adopt, this is not a colorable claim. Snyder's final two assignments of error are also meritless.
 {¶ 18} Accordingly, the judgment of the trial court is affirmed.
Donofrio, J., concurs.
Vukovich, J., concurs.