OPINION
{¶ 1} Sandra Marie Grimes appeals from a judgment of the Montgomery County Court of Common Pleas, which revoked her community control sanctions.
 {¶ 2} In March 2004, Grimes was convicted of tampering with evidence, possession of cocaine less than five grams, and attempting to commit possession of cocaine greater than 25 grams but less than 100 grams. She was sentenced to community control sanctions for a period of up to five years with intensive supervision. It would appear that further conditions of her community control sanctions included:
 {¶ 3} "Rule 6. I shall not use or possess any controlled substances or drugs of abuse. I consent to medical tests to determine if I have violated this condition.
 {¶ 4} "Rule 7. I shall accomplish all case plan objectives which are now and will be set for me throughout my supervision."
 {¶ 5} The case plan objectives apparently included complying with aftercare treatment at the Center for Alcoholism and Drug Addiction Services.
 {¶ 6} In September 2004, Grimes was notified of charges of violating Rules 6 and 7 of her community control sanctions. As to Rule 6, the notice alleged that she had tested positive for the use of cocaine four times in August 2004. At the hearing, Grimes withdrew her denial of the Rule 6 violation only, and the trial court found that she had violated her community control.
 {¶ 7} Upon revoking her community control sanctions, the trial court sentenced Grimes as follows: twelve months for tampering with evidence, six months for possession of cocaine less than five grams, and two years for attempt to commit possession of cocaine greater than 25 grams but less than 100 grams. The sentences were ordered to run concurrently. The trial court had informed Grimes of the possibility of these prison terms when community control sanctions were initially imposed.
 {¶ 8} Grimes raises two assignments of error on appeal.
 {¶ 9} I. "THE TRIAL COURT DENIED THE DEFENDANT-APPELLANT DUE PROCESS OF LAW WHEN IT DETERMINED THAT THE DEFENDANT-APPELLANT'S PLEA OF GUILTY WAS VOLUNTARY BECAUSE IT FAILED TO SUBSTANTIALLY COMPLY WITH CRIMINAL PROCEDURAL RULE 11(C)."
 {¶ 10} Grimes claims that she was never fully informed about the effect of her guilty plea, as required by Crim.R. 11, which rendered her plea involuntary. Specifically, Grimes claims that the court failed to comply with Crim.R. 11(C)(2) by failing to inform her, pursuant to R.C.2937.09, that her plea could be used against her at a later trial.
 {¶ 11} Grimes' assignment of error pertains to the merits of the trial court's judgment of March 19, 2004, wherein it convicted her and sentenced her to community control. She did not appeal from that judgment. Rather, she has appealed from a judgment of September 17, 2004, wherein the court revoked her community control sanctions. If there was a problem with the voluntariness of Grimes' plea, she should have raised it in response to the earlier judgment. State v. Wood, Defiance App. No. 40-1-14, 2001-Ohio-2339. We cannot — for want of appellate jurisdiction — consider the untimely argument raised under this assignment. App.R. 4(A).
 {¶ 12} The first assignment of error is overruled.
 {¶ 13} II. "THE TRIAL COURT ERRED TO THE DEFENDANT-APPELLANT'S PREJUDICE WHEN IT REVOKED HER COMMUNITY CONTROL SANCTION AND IMPOSED A PRISON TERM WITHOUT FIRST MAKING EITHER OF THE REQUISITE FINDINGS AS REQUIRED BY R.C. 2929.13(E)(2)(a) OR (b)."
 {¶ 14} Grimes claims that the trial court failed to make the findings required by R.C. 2929.13(E)(2) when it revoked her community control and sentenced her to prison.
 {¶ 15} R.C. 2929.13(E)(2) provides:
 {¶ 16} "If an offender who was convicted of or pleaded guilty to a felony violates the conditions of a community control sanction imposed for the offense solely by reason of producing positive results on a drug test, the court, as punishment for the violation of the sanction, shall not order that the offender be imprisoned unless the court determines on the record either of the following:
 {¶ 17} "(a) The offender had been ordered as a sanction for the felony to participate in a drug treatment program, in a drug education program, or in narcotics anonymous or a similar program, and the offender continued to use illegal drugs after a reasonable period of participation in the program.
 {¶ 18} "(b) The imprisonment of the offender for the violation is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code."
 {¶ 19} Although Grimes' notice of community control violation alleged two violations, the record demonstrates that community control was revoked "solely by reason of positive results of a drug test." As discussed supra, Grimes withdrew her denial only as to the charge of positive drug tests, and not for failure to accomplish case plan objectives. The state concedes as much in its brief. Thus, R.C.2929.13(E)(2) applied, and the trial court was required to make one of the two findings set forth therein. Although the state argues that the trial court made the finding required by R.C. 2929.13(E)(2)(b), the record fails to support that argument. As such, we will remand to the trial court for it to comply with R.C. 2929.13(E)(2).
 {¶ 20} The second assignment of error is sustained.
 {¶ 21} The judgment of the trial court as it pertains to sentencing will be vacated, and this matter will be remanded for resentencing.
Brogan, P.J. and Young, J., concur.
(Hon. Frederick N. Young sitting by assignment of the Chief Justice of the Supreme Court of Ohio).