OPINION
{¶ 1} Willie Rogers appeals from his conviction in the Clark County Common Pleas Court for possession of crack cocaine in an amount equal to or greater than 10 grams but in an amount less than 25 grams pursuant to his guilty plea.
 {¶ 2} Mr. Rogers was indicted on five drug related charges on June 14, 2004, and subsequently arrested on June 15, 2004. Prior to trial, Mr. Rogers filed a motion to dismiss for lack of speedy trial on September 17, 2004, after 94 days of incarceration. At the motion to dismiss, Mr. Rogers' counsel noted that he had to have emergency hernia surgery, and this delayed the trial. The trial court overruled Mr. Rogers' motion to dismiss and set out the following two reasons on the record. The court originally set Mr. Rogers' trial for August 18, 2004, 72 days from the date of his arrest, when the court received a motion from the defense counsel to continue the trial date based on Mr. Rogers' counsel's emergency surgery. Additionally, Mr. Rogers was being held by the Adult Parole Authority due to an adult parole violation.
 {¶ 3} Thereafter, Mr. Rogers entered into a plea bargain with the state. At the plea hearing held on Sept. 20, 2004, Mr. Rogers pled guilty to a violation of R.C. 2925.11(A), a second degree felony. The state agreed to dismiss four other counts, and the parties agreed to a sentence of four years in the state penitentiary, a mandatory fine, and suspension of driving privileges. The trial court sentenced Mr. Rogers in accordance with the parties' agreement.
 ASSIGNMENT OF ERROR {¶ 4} THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS FOR LACK OF SPEEDY TRIAL.
 {¶ 5} In his sole assignment of error Defendant challenges the trial court's decision overruling his motion to dismiss the charges against him for lack of a speedy trial. The state argues that by entering a plea of guilty, the question of the trial court's ruling is waived. We agree.
 {¶ 6} By entering a guilty plea, Defendant waived his right to challenge his conviction on speedy trial grounds. State v.Kelly (1991), 57 Ohio St.3d 127; Montpelier v. Greeno (1986),25 Ohio St.3d 170; State v. Hall (December 27, 1996), Montgomery App. No. 15437, unreported; State v. Hurt (May 3, 1996), Miami App. No. 95-CA-43, unreported. In light of these decisions, the assignment of error is overruled. The judgment of the trial court is affirmed.
Fain, J., and Donovan, J., concur.