OPINION
{¶ 1} Defendant-appellant Michelle D. Tesso (Brown) appeals her sentence and conviction on one count of theft entered in the Richland County Court of Common Pleas following a guilty plea.
 {¶ 2} Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} On November 22, 1996, Michelle Tesso (hereinafter "Appellant") entered into a rental agreement with Rental King in Mansfield, Ohio, to rent a twenty-seven inch color television, and two VCRs. The total value of the rental property was in excess of $500.00.
 {¶ 4} After she took possession of the property, Appellant made only one payment of $14.99. Rental King sent a letter via certified mail to the address provided by Appellant requesting payment or return of the property. The letter was returned unclaimed. Thereafter, Rental King sent letters via regular mail to the same address. Those letters were not returned to sender. Appellant was also personally served with a notice to return the property. Despite the numerous requests, Appellant refused to return the rental property, and did not make any further payments.
 {¶ 5} On April 10, 1997, Appellant was indicted by the Richland County Grand Jury on one count of theft, a felony of the fifth degree.
 {¶ 6} After the indictment was issued, for unknown reasons it was unable to be served on Appellant until May 20, 2003. At that time, Appellant was arraigned on the theft charge, and Attorney Kelly Badnell was appointed to represent her. *Page 3 
 {¶ 7} On September 15, 2003, Appellant appeared before the trial court with her attorney and entered a guilty plea to the charge of theft in exchange for the prosecution's recommendation that she be sentenced to community control.
 {¶ 8} At the time of her change of plea hearing, Appellant was serving a prison sentence out of Morrow County for possession of drugs.
 {¶ 9} The trial court ordered a pre-sentence investigation and postponed Appellant's sentencing until after her release from prison.
 {¶ 10} On November 3, 2003, the trial court followed the prosecution's recommendation and placed Appellant on three years of community control. Appellant was also ordered to pay restitution to Rental King and refrain from drug and alcohol use as conditions of her community control.
 {¶ 11} On March 9, 2007, Appellant was brought back before the trial court for violating the terms of her community control. One count of the violation alleged that she had been charged with new theft offenses in Springfield, Ohio. The other three counts alleged that she tested positive for marijuana, opiates, and heroin.
 {¶ 12} Appellant entered a guilty plea to all three charges, and her sentencing was postponed pending an evaluation for admission into a substance abuse treatment facility. During that time, she was ordered to remain drug free and submit to drug testing three times a week.
 {¶ 13} When Appellant appeared for sentencing on March 26, 2007, her probation officer informed the trial court that Appellant had again tested positive for heroin. *Page 4 
 {¶ 14} By Entry dated March 26, 2007, based upon the new theft charges and Appellant's repeated pattern of drug abuse, the trial court sentenced Appellant to ten months in prison.
 {¶ 15} On March 26, 2007, Appellant filed a Motion to Vacate her sentence on the grounds that the State violated the statute of limitations and her right to a speedy trial, and further that she was prejudiced by ineffective assistance of counsel for her previous counsel's failure to raise these claims.
 {¶ 16} On April 2, 2007, Appellant filed a Motion to Stay Execution of her sentence
 {¶ 17} By Judgment Entry filed April 25, 2007, the trial court overruled the motions to vacate and to stay execution of sentence.
 {¶ 18} By Entry filed April 27, 2007, the trial court also overruled Appellant's motion for reconsideration of the trial court's March 26, 2007, sentence revoking her community control and sending her to prison for ten (10) months. Appellant argued in her motion that a prison sentence could not be imposed pursuant to R.C. § 2929.13(E)(2).
 {¶ 19} Appellant now appeals, raising the following assignments of error:
 ASSIGNMENTS OF ERROR {¶ 20} "I. THE TRIAL COURT ERRED TO THE DEFENDANT-APPELLANT'S PREJUDICE WHEN IT REVOKED HER COMMUNITY CONTROL SANCTION AND IMPOSED A PRISON TERM WITHOUT FIRST AFFORDING TESSO THE OPPORTUNITY TO PARTICIPATE IN A DRUG REHABILITATION PROGRAM *Page 5 
PURSUANT TO R.C. 2929.13(E)(2), IN VIOLATION OF R.C. 2929.13(E)(2) ANDSTATE V. GRIMES, 2005-OHIO-4510.
 {¶ 21} "II. THE TRIAL COURT ERRED TO THE DEFENDANT-APPELLANT'S PREJUDICE WHEN IT OVERRULED HER MOTION TO VACATE HER ORIGINAL CONVICTION BECAUSE THE DEFENDANT-APPELLANT HAD INEFFECTIVE ASSISTANCE OF COUNSEL IN THE PROCEEDINGS OF THE ORIGINAL ACTION DUE TO COUNSEL'S FAILURE TO FILE A MOTION TO DISMISS BASED ON A BLATANT STATUTE OF LIMITATIONS AND SPEEDY TRIAL VIOLATION."
 I. {¶ 22} In Appellant's first assignment of error, she argues that the trial court erred in revoking her community control sanction and imposing a prison term. We disagree.
 {¶ 23} Appellant argues that pursuant to R.C. § 2929.13(E)(2), the trial court should not have imposed a prison sentence. R.C. §2929.13(E)(2), provides:
 {¶ 24} "(E)(2) If an offender who was convicted of or pleaded guilty to a felony violates the conditions of a community control sanction imposed for the offense solely by reason of producing positive results on a drug test, the court, as punishment for the violation of the sanction, shall not order that the offender be imprisoned unless the court determines on the record either of the following:
 {¶ 25} "(a) The offender had been ordered as a sanction for the felony to participate in a drug treatment program, in a drug education program, or in narcotics anonymous or a similar program, and the offender continued to use illegal drugs after a reasonable period of participation in the program. *Page 6 
 {¶ 26} "(b) The imprisonment of the offender for the violation is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code."
 {¶ 27} Upon review, we find that while Appellant did violate the conditions of her community control by her continued drug use, she also violated the conditions of her community control by committing a new theft offense. We therefore find R.C. 2929.13(E) to be inapplicable and find that Appellant's guilty plea to the violation based on the new theft charge warranted the trial court's imposition of the prison term in the case sub judice.
 {¶ 28} Appellant's first assignment of error is overruled.
 II. {¶ 29} In Appellant's second assignment of error, she argues that the trial court erred in overruling her motion to vacate her original conviction. We disagree.
 {¶ 30} A plea of guilty waives one's statutory right to a speedy trial. State v. Kelley (1991), 57 Ohio St.3d 127, 566 N.E.2d 658, paragraph one of syllabus; Village of Montpelier v. Greeno (1986),25 Ohio St.3d 170, 171-172, 495 N.E2d 581.
 {¶ 31} Appellant argues that if her guilty plea acted as a waiver of her statutory right to a speedy trial, then her right to effective assistance of counsel was violated. Appellant asserts that her trial counsel provided ineffective assistance when counsel permitted appellant to plead "guilty". We disagree.
 {¶ 32} The standard for ineffective assistance of counsel is set out in State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraphs two and three of the *Page 7 
syllabus, certiorari denied (1990), 497 U.S. 1011, 110 S.Ct. 3258,111 L.Ed.2d 768. Appellant must establish the following:
 {¶ 33} "Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; Strickland v.Washington [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)
 {¶ 34} "To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."
 {¶ 35} Appellant entered a guilty plea as part of a plea bargain. "By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime." United States v. Broce (1989), 488 U.S. 563, 109 S.Ct.757, 102 L.Ed.2d 927. The guilty plea renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt. Menna v. New York (1975), 423 U.S.61,96 S.Ct. 241, 46 L.Ed.2d 195. Thus, when a defendant enters a plea of guilty as a part of a plea bargain, he or she waives all appealable errors, unless such errors are shown to have precluded the defendant from entering a knowing and voluntary plea. State v. Kelley (1991),57 Ohio St.3d 127, 566 N .E.2d 658; State v. Barnett (1991),73 Ohio App.3d 244, 249, 596 N.E.2d 1101. *Page 8 
 {¶ 36} A plea is made voluntarily and knowingly if the record indicated that the defendant was advised of the following: "(1) the nature of the charged offense and the maximum penalty involved; (2) the effect of entering a guilty plea; and (3) the fact that the defendant is waiving his right to a jury trial, his right to confront witnesses against him, his right to have compulsory process, and his right to require the state to prove his guilt beyond a reasonable doubt. See, also, Crim.R. 11(C)." State v. Haynes (March 3, 1995), Trumbull App. No. 93-T-4911, 1995 WL 237075.
 {¶ 37} In State v. Kelley, supra, the Ohio Supreme Court reaffirmed a conclusion previously reached by the Supreme Court of Ohio inMontpelier v. Greeno (1986), 25 Ohio St.3d 170, 495 N.E.2d 581 and inPartsch v. Haskins (1963), 175 Ohio St. 139, 191 N.E.2d 922. This conclusion was that "a guilty plea waives a defendant's right to challenge a conviction on statutory speedy trial grounds." Id.
 {¶ 38} In applying the requirements of Kelley, one appellate district has expressly held that counsel's failure to move for a discharge on the basis of a speedy trial violation does not affect the validity of a guilty plea. State v. Johnson (Mar. 4, 1993), Cuyahoga App. No. 61904. Similarly, the Eighth Appellate District has held that a guilty plea was not rendered invalid simply because the defendant was not informed that by entering the plea, he waived his right to contest the denial of his motion to dismiss on appeal. State v. Railing (Oct. 20, 1994), Cuyahoga App. No. 67137, unreported. See also, State v. Haynes, supra.
 {¶ 39} Essentially, by entering a guilty plea a defendant waives all errors, absent a showing that the defendant was coerced or induced into making the plea. Kelly, supra, at 130-131. Thus, a guilty plea waives claims of ineffective assistance of counsel based *Page 9 
upon statutory speedy trial issues. State v. Barnett, supra.;State v. Farley, Knox App. No. 98-CA-25, 1999 WL 33148; State v.Johnson, Cuyahoga App. No. 61904, 1993 WL 58629 (upon entering guilty plea defendant waives his right to effective assistance of counsel in regards to speedy trial issues).
 {¶ 40} A review of the transcript in this case reveals that the trial court informed Appellant of her rights and that she indicated that she understood those rights and that she was waiving said rights. (T. at 3-6).
 {¶ 41} Based on the foregoing, Appellant's second assignment of error is overruled.
 {¶ 42} For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.
 Wise, J. Gwin, P. J., and Farmer, J., concur. *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.
 Costs assessed to Appellant. *Page 1