[Cite as *State v. Williams*, 2024-Ohio-1424.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| ALVIN WILLIAMS | : | Case No. 2023-CA-49 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas, Case No. 2022-CR-0309 N


JUDGMENT:      Affirmed


DATE OF JUDGMENT:      April 12, 2024


APPEARANCES:

For Plaintiff-Appellee

JODIE SCHUMACHER
38 South Park Street
Second Floor
Mansfield, OH 44902

For Defendant-Appellant

TODD W. BARSTOW
261 West Johnstown Road
Suite 204
Columbus, OH 43230

*King, J.*

{¶ 1} Defendant-Appellant, Alvin Williams, appeals the July 5, 2023 judgment entry of the Court of Common Pleas of Richland County, Ohio, denying his motion to dismiss, as well as the August 22, 2023 sentencing entry. Plaintiff-Appellee is the state of Ohio. We affirm the trial court.

## FACTS AND PROCEDURAL HISTORY

{¶ 2} On April 30, 2022, Williams was arrested on various charges stemming from an incident where he was involved in a hit-skip motor vehicle accident, led officers on a high-speed chase, crashed his motor vehicle, and ran from the scene. Upon apprehension, he refused field sobriety testing; blood alcohol testing was conducted revealing the presence of THC in his system. A firearm was found near Williams's vehicle and ammunition was found in the trunk. Williams spent five days in jail and was then released on a personal recognizance bond.

{¶ 3} On August 18, 2022, the Richland County Grand Jury indicted Williams on two counts of failure to comply with an order or signal of a peace officer in violation of R.C. 2921.331, two counts of having weapons under disability in violation of R.C. 2923.13, and three counts of operating a motor vehicle while under the influence of alcohol and/or a drug of abuse and/or a listed controlled substance in violation of R.C. 4511.19. Said charges stemmed from the incident on April 30, 2022.

{¶ 4} Williams failed to appear for his October 25, 2022 arraignment; he was arrested and arraigned on January 25, 2023.

{¶ 5}   On June 1, 2023, Williams filed a motion to dismiss on speedy trial grounds. The state responded, setting forth all of the days tolled because of Williams's actions. By judgment entry filed July 5, 2023, the trial court denied the motion.

{¶ 6}   On August 14, 2023, Williams pled guilty to five of the seven counts. The remaining two counts were dismissed. By sentencing entry filed August 22, 2023, the trial court sentenced Williams to an aggregate term of twenty-four months in prison.

{¶ 7}   Williams filed an appeal with the following assignment of error:

I

{¶ 8}   "APPELLANT'S TRIAL COUNSEL WAS INEFFECTIVE, THEREBY DENYING HIM HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTIONS."

I

{¶ 9}   In his sole assignment of error, Williams claims he was denied the effective assistance of counsel because his counsel had him plead guilty instead of no contest in order to preserve any appellate issues. Specifically, Williams claims he is precluded from challenging violations of his speedy trial rights due to his counsel's deficiency. We disagree with Williams's arguments.

{¶ 10} The state was required to bring Williams to trial within two hundred seventy days after his arrest or ninety days if he was in jail. R.C. 2945.71(C)(2) and (E).

{¶ 11} On June 1, 2023, Williams filed a motion to dismiss on speedy trial grounds. He argued he was originally arrested on April 30, 2022, and spent five days in jail which accounted for fifteen days for speedy trial purposes; he was then released on a personal recognizance bond. He argued afterwards, a "secret" indictment was filed against him

with a warrant for his arrest on August 18, 2022, and the state made no effort to serve him with the indictment or apprehend him on the outstanding arrest warrant. Williams was arrested on January 25, 2023, after he turned himself in to police. He was unable to post bond and remained in jail. By his calculation, at the time of the filing of the motion, he had accrued 421 days towards the 270-day limit.

{¶ 12} The state filed a response motion on June 7, 2023, setting forth all of the tolling time attributable to Williams in his case. The state argued after Williams was indicted on August 18, 2022, he failed to appear for his scheduled arraignment on October 25, 2022, which he was made aware of when he was released on his personal recognizance bond; thus, any time between October 25, 2022, and January 25, 2023, was caused by Williams and should not be counted.

{¶ 13} By judgment entry filed July 5, 2023, the trial court denied Williams's motion, finding although he was not served with the August 18, 2022 warrant, he would have been served with it on October 25, 2022, had he appeared for his arraignment. The trial court stated:

> The Court does not see fit to grant defendant credit for time from the date of arraignment, until he turned himself in, due to defendant's own failure to adhere to his bond requirements. If the Court would do so, it would note, that every defendant would fail to appear at that time and attempt to avoid the Court in order to get over the 270 day requirements as to speedy trial.

{¶ 14} The trial court calculated all the tolling time and found Williams's time was 261 days and thus his speedy trial rights were not violated.

{¶ 15} On August 14, 2023, Williams pled guilty to five of seven counts. "The general view is that where an accused enters a plea of guilty he waives his right to raise the denial of his right to a speedy trial on appeal." *Village of Montpelier v. Greeno,* 25 Ohio St.3d 170, 170, 495 N.E.2d 581 (1986); *Accord State v. Lichtenwalter,* 5th Dist. Guernsey Nos. 20CA000013 and 20CA000023, 2021-Ohio-1394, ¶ 35. Thus, Williams now argues his counsel was ineffective for failing to advise him to plead "no contest" and preserve for appellate review any violations of his speedy trial rights. He does not argue that his guilty plea was not given knowingly, voluntarily, and intelligently, only that he should have pled no contest instead. He also does not argue he would not have pled guilty and would have proceeded to trial.

{¶ 16} The standard this issue must be measured against is set out in *State v. Bradley,* 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. Williams must establish the following:

> 2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (*State v. Lytle* [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; *Strickland v. Washington* [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)

3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.

{¶ 17} "Reasonable probability" is "a probability sufficient to undermine confidence in the outcome." *Strickland* at 694.

{¶ 18} This court must accord deference to defense counsel's strategic choices made during trial and "requires us to eliminate the distorting effect of hindsight." *State v. Post,* 32 Ohio St.3d 380, 388, 513 N.E.2d 754 (1987). A reviewing "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland* at 689.

{¶ 19} As stated by our colleagues from the Second District in *State v. Frazier,* 2d Dist. Montgomery Nos. 26495 and 26496, 2016-Ohio-727, ¶ 82:

We have required a defendant to establish the following when arguing that counsel was ineffective for allowing the defendant to plead guilty, as opposed to no contest: (1) the State would have agreed to a no-contest plea on the same terms; (2) counsel failed to advise the defendant that a no-contest plea, in contradistinction to a guilty plea, would preserve the pretrial issue for appeal; and (3) had defendant been so advised, the defendant would have rejected the plea offer.

*Accord, State v. Conley,* 3d Dist. Marion No. 9-16-10, 2016-Ohio-8408, ¶ 12.

{¶ 20} The record fails to establish any of these facts.

{¶ 21} There is no evidence to suggest the state would have agreed to a no contest plea on the same terms. During the plea hearing, the prosecutor indicated Williams "will plead as charged" (to five of seven counts) and receive two years, a little more than the mandatory minimum. August 14, 2023 T. at 5-6.

{¶ 22} There is no evidence of whether defense counsel failed to advise Williams on the distinction between a guilty plea and a no contest plea. Williams could have been so advised and yet opted to plead guilty. He had trouble taking advice from his former counsel. *See* April 24, 2023 Motion to Withdraw Hearing Transcript. During the plea hearing, Williams agreed he was satisfied with the help and advice he received and his new counsel went over his plea agreement paperwork with him. August 14, 2023 T. at 21. Williams did not have any questions regarding the paperwork or the proceedings. *Id.*

{¶ 23} There is no evidence that had Williams been advised of the difference between a guilty plea and a no contest plea he would have rejected the plea deal. He has not made that assertion. He was facing a maximum sentence of one hundred eighty months in prison on seven counts. Instead, he received twenty-four months in prison on five counts. Defense counsel negotiated a fraction of what Williams could have been sentenced to. Williams received substantial consideration for his guilty plea.

{¶ 24} Williams has not met any criteria to establish ineffective assistance of counsel in this case.

{¶ 25} Upon review, we do not find any deficiency by defense counsel and thus, we do not find ineffective assistance of counsel.

{¶ 26} The sole assignment of error is denied.

{¶ 27} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.

By King, J.

Delaney, P.J. and

Hoffman, J. concur.