THE STATE OF OHIO, APPELLEE, *v.* LUNA, APPELLANT.

[Cite as State *v.* Luna (1982), 2 Ohio St. 3d 57.]

(No. 81-1900—Decided December 22, 1982.)

*Mr. David E. Bowers,* prosecuting attorney, and *Mr. Stephen R. Shaw,* for appellee.

*King, Hermon & Berry Co., L.P.A., Mr. Gary R. Hermon* and *Mr. Ron Croissant,* for appellant.

*Per Curiam.* The issue presented in this cause is whether a plea of no contest pursuant to a negotiated plea agreement constitutes a waiver of a defendant's right, pursuant to Crim. R. 12(H), to appeal trial court rulings on pretrial motions.

Appellant contends that "* * * a plea of no contest entered into as a result of a negotiated plea agreement does not waive a defendant's right to appeal a prejudicially erroneous ruling by the trial court of a pretrial motion; especially, where defendant's intention to appeal such ruling was known to the other party of such negotiated plea agreement and was encompassed in such agreement." The language of Crim. R. 12(H) supports appellant in that

the rule specifically states that "[t]he plea of no contest does not preclude a defendant from asserting upon appeal that the trial court prejudicially erred in ruling on a pretrial motion * * *." Nowhere in the rule or elsewhere is there a distinction made between negotiated pleas of no contest and non-negotiated no contest pleas. Nevertheless, the court below created this distinction, apparently on its own authority.

The court below may have believed that the state was not getting the benefit of its bargain if appellant were allowed to pursue his appeal on the speedy trial question, by stating that "[d]efendant [appellant] should be held to his bargain. * * *" Appellant, however, asserts that preserving his right to appeal was part of the original bargain and that the state was well aware of his intention to appeal.[1] The error assigned below went to the merits of appellant's speedy trial claim. The court reached out and *sua sponte* decided that appellant had waived his right to appeal the speedy trial issue.

On reconsideration the court stated that the record "does not reflect any agreement by the State that the defendant would have the right to appeal * * * but merely reflects the defendant's intention to do so * * *." The court of appeals seemed to presume waiver in the context of negotiated no contest pleas while the import of Crim. R. 12(H) is to preserve, not waive, the right to appeal pretrial rulings. The court in effect renegotiated the agreement between appellant and the prosecutor's office, which agreement had been accepted by the trial court. This was error.

Accordingly, the judgment below is reversed and the cause is remanded to the court of appeals for a determination on the merits of appellant's speedy trial assignment of error.

*Judgment reversed and cause remanded.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, C. BROWN and KRUPANSKY, JJ., concur.

HOLMES, J., concurs in judgment only.

---

[1] The stipulation correcting the record stated that "* * * it is Defendant's [appellant's] intention to preserve under Criminal Rule 12(H) his right to appeal the Court's overruling of his motion to dismiss under R.C. 2945.71 *et seq.* * * *"