DECISION AND JUDGMENT ENTRY
{¶ 1} Terry Barnes appeals his conviction for three counts of disorderly conduct. Barnes contends the trial court should have granted his motion to suppress because the state failed to prove that he was unable to provide for his own safety, making his arrest on minor misdemeanor charges unlawful. Because there is competent, credible evidence to support the trial court's finding that Barnes could not provide for his own safety, we conclude that the trial court acted properly in denying Barnes' motion to suppress.
 {¶ 2} In the early hours of March 31, 2002, Athens City police officers Brian Lushbaugh and Robert Filar responded to a reported fight at the Swindlefish bar. When they arrived, witnesses provided them with a description of the suspects and indicated the direction the suspects had gone. The officers proceeded in that direction and Officer Filar discovered Barnes urinating in a parking lot behind a building. Also in the parking lot were two men who fit the description of the suspects involved in the fight. Officer Filar asked the two men if they knew Barnes but Barnes stated that he was alone and the two men did not know him.[1]
 {¶ 3} Officers Lushbaugh and Filar both indicated that Barnes smelled of alcohol. According to Officer Filar, Barnes was unsteady on his feet, although he did not fall down or stumble. The officers testified that Barnes became agitated and began cussing at them. Officers Lushbaugh and Filar arrested Barnes for public intoxication and public urination, both minor misdemeanors. After arresting Barnes, the officers searched him and found marijuana and a marijuana pipe.
 {¶ 4} The state charged Barnes with public intoxication, public urination, possession of marijuana, and possession of a marijuana pipe. Barnes pled not guilty and filed a motion to suppress the marijuana and the marijuana pipe. The trial court denied the motion and Barnes, pursuant to a plea agreement, entered a no contest plea to three charges of disorderly conduct. The trial court found Barnes guilty and fined him $232.00 and court costs. Barnes appeals, raising the following assignment of error: "The trial court erred when it denied Terry Barnes' motion to suppress evidence seized as a result of an unlawful arrest.Fourth Amendment, United States Constitution; Section 14, Article I, Ohio Constitution."
 {¶ 5} Before reaching the merits of Barnes' argument, we must first address two arguments advanced by the state. First, the state argues that Barnes' appeal is not timely. The state argues that since Barnes is appealing the denial of his motion to suppress, he was required to file his appeal within 30 days of the order denying his motion. However, an order denying a motion to suppress does not constitute a final, appealable order.[2] See R.C. 2505.02; State v. Jaeger (July 9, 1993), Washington App. No. 92CA30, fn. 2; State v. Crawley (1994),96 Ohio App.3d 149, 155, 644 N.E.2d 724. Generally, a final order in a criminal case contains the sentence, which amounts to a disposition of the case. See State v. Hunt (1976), 47 Ohio St.2d 170, 174, 351 N.E.2d 106;State v. Chamberlain (1964), 177 Ohio St. 104, 106-7, 202 N.E.2d 695. See, also, Jaeger. Second, the state argues that Barnes' entry of a negotiated plea waived any error arising out of the denial of his motion to suppress. However, Crim.R. 12(I) specifically states: "[t]he plea of no contest does not preclude a defendant from asserting upon appeal that the trial court prejudicially erred in ruling on a pretrial motion, including a pretrial motion to suppress evidence." As the Supreme Court of Ohio recognized in State v. Luna (1982), 2 Ohio St.3d 57, 58,442 N.E.2d 1284, Crim.R. 12(I) does not distinguish between negotiated no contest pleas and those that are not negotiated. If the state wanted to prevent Barnes' appeal, it should have "negotiated" a guilty plea rather than permitting him to plead no contest. Because we are unpersuaded by the state's arguments, we will now address the merits of Barnes's assignment of error.
 {¶ 6} Barnes argues that the marijuana and the marijuana pipe should have been suppressed because his arrest was unlawful. He contends that under R.C. 2935.26, the officers should have issued him a citation rather than arrest him. He challenges whether the state's evidence established that he was unable to provide for his own safety.
 {¶ 7} In a motion to suppress, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and to evaluate witness credibility. See, e.g., State v. Mills
(1992), 62 Ohio St.3d 357, 366, 582 N.E.2d 972, citing State v. Fanning
(1982), 1 Ohio St.3d 19, 20, 437 N.E.2d 583; see, also, State v.Williams (1993), 86 Ohio App.3d 37, 41, 619 N.E.2d 1141. Accordingly, in our review we are bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Fausnaugh
(Apr. 30, 1992), Ross. App. No. 1778. Accepting those facts as true, we normally determine as a matter of law whether they meet the applicable legal standard. Williams, supra; Fausnaugh, supra. However, we conclude that the issue before us is purely factual in nature and apply a deferential standard of review.
 {¶ 8} In State v. Jones, 88 Ohio St.3d 430, 2000-Ohio-374,727 N.E.2d 886, syllabus, the Supreme Court held that a custodial arrest for a minor misdemeanor, absent one of the statutory exceptions in R.C.2935.26, is constitutionally unreasonable. In Jones the state conceded that none of the exceptions were present. Thus, the question was not whether an exception existed, but rather the legal import of its absence. The reasonableness/Fourth Amendment analysis in Jones requires a legal conclusion that is based upon the historical facts of the case. Likewise, the existence of "probable cause" and a "reasonable articuable suspicion" involve legal conclusions that receive de novo review. However, the existence of a statutory exception under R.C. 2935.26
requires more of a factual determination than a legal conclusion. Rather than being constitutional principles, the statutory exceptions in R.C.2935.26 are factual conditions that the legislature has established in order to promote constitutional protections. Unlike legal conclusions, which are reviewed on a de novo basis to assure uniformity, factual determinations can vary on a case to case basis without balkanizing legal principles. Because of the factual nature of this inquiry, we conclude it is more appropriate to review it under the deferential weight of the evidence standard than to afford it plenary review as a legal conclusion. Moreover, this factual determination involves a collateral or preliminary issue and is not an element of the crimes with which the state has charged the appellant. Thus, the state's burden at the motion to suppress hearing was to prove the existence of the "safety exception" by a preponderance of the evidence. See State v. Sibert (1994),98 Ohio App.3d 412, 421, 648 N.E.2d 861, citing Bourjaily v.United States (1987), 483 U.S. 171, 175, 107 S.Ct. 2775, 2778, 97 L.Ed.2d 144,152. We review factual determinations that are subject to the preponderance burden of proof by determining whether they are supported by some competent credible evidence. C.E. Morris Co. v. Foley Constr. Co.
(1978), 54 Ohio St.2d 279, 376 N.E.2d 578 and Sibert.
 {¶ 9} R.C. 2935.26 prohibits a police officer from arresting a person for a minor misdemeanor offense unless a statutory exception applies. Under R.C. 2935.26(A)(1), an officer may arrest an offender on misdemeanor charges if the offender "is unable to provide for his own safety." In State v. Jones, 88 Ohio St.3d at syllabus, the Supreme Court of Ohio held that a custodial arrest in violation of the state's prohibition on minor misdemeanor arrests violates both theFourth Amendment and the Ohio Constitution. But, see, Atwater v. City of LagoVista (2001), 532 U.S. 318, 354, 121 S.Ct. 1536, 149 L.Ed.2d 549 (holding that an officer who has probable cause may arrest an offender who has committed only a very minor criminal offense without violating theFourth Amendment). Because Jones is based in part on the Ohio Constitution,Atwater is not the rule in Ohio.[3] See Katz, Ohio Arrest, Search and Seizure (2002) 127, Section 5.6.
 {¶ 10} At the suppression hearing, Officer Filar testified that he discovered Barnes urinating in a parking lot at approximately 2:00 a.m. According to Officer Filar, Barnes smelled of alcohol and was unsteady on his feet. When Officer Filar spoke with Barnes, Barnes became agitated and began to cuss and swear at Officer Lushbaugh.
 {¶ 11} At the hearing, Officer Filar testified that he believed Barnes was unable to provide for his own safety. At the time he arrested Barnes, Officer Filar believed Barnes was by himself. According to Officer Filar, he was not sure whether Barnes was going to drive or not. He also expressed concern about Barnes' agitated state. Officer Filar testified: "at that time we did not know if they were the subjects involved in the fight or not, and I did not know if he was going to go out and maybe get into another fight * * *."
 {¶ 12} R.C. 2935.26 does not indicate what type of condition a person has to be in before he is considered "unable to provide for his own safety." We are persuaded that competent, credible evidence supports the court's finding that Barnes could not provide for his own safety. When the officers encountered Barnes he was intoxicated and extremely agitated. Barnes was by himself, which meant that there was no one to assist him in getting home. Moreover, he was alone in a parking lot with two men who he claimed not to know and who matched the description of suspects involved in a recent fight. The trial court properly determined that the state had established by a preponderance of the evidence that Barnes could not provide for his own safety. Therefore, the officers were authorized, under R.C. 2935.26(A)(1), to arrest Barnes on minor misdemeanor charges. Because Barnes' search occurred incident to a lawful arrest, the trial court correctly denied his motion to dismiss. Accordingly, Barnes' assignment of error is overruled.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Municipal Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. and Kline, J. concur in Judgment and Opinion.
[1] Only after the officers had arrested Barnes did one of the men acknowledge that he and Barnes were related.
[2] In 1999, both the Eleventh and Seventh Districts addressed the issue of whether the overruling of a motion to suppress was a final order capable of being appealed under R.C. 2505.02(B)(4), which relates to provisional remedies. See State v. Jones (Jan. 29, 1999), Portage App. No. 98-P-0116; State v. Lebron (Nov. 22, 1999), Mahoning App. No. 99 CA 35. Both Districts concluded that it was not. Although this court has not previously addressed this issue, we decline to do so now since neither of the parties has briefed it.
[3] The Supreme Court of Ohio has accepted the appeal of State v.Brown, Montgomery App. No. 18972, 2001-Ohio-7073, which asks the Court to determine what effect the Atwater decision has on Jones. See State v.Brown, 95 Ohio St.3d 1473, 2002-Ohio-2444, 768 N.E.2d 1181.