JOURNAL ENTRY AND OPINION
{¶ 1} In this consolidated appeal, defendant-appellant, Robert A. Himes ("Himes"), appeals his reckless operation conviction. Finding merit to the appeal, we reverse.
 {¶ 2} In February 2003, Himes was charged with driving under the influence ("DUI"), failure to control a vehicle, and right of way of a public safety vehicle.[1] The court granted his motion in limine which prohibited the introduction of testimony regarding any prior DUI convictions. The matter proceeded to a jury trial at which the City's witness, Officer Paul Miller ("Miller"), gave the following testimony:
{¶ 3} "Q. * * * And did you conduct an inventory of Mr. Himes'pickup truck?
 {¶ 4} Well, that's what we were (inaudible) in somewhere withMr. Himes. And Mr. Himes' father came out of the house and I wasspeaking with him and we were trying to determine what needed tobe done with the truck because there's different procedures. Ifthere's prior convictions for DUI then there's differentprocedures that we have to follow as far as ____
 {¶ 5} Q. My question to you officer is did you conduct aninventory of Mr. Himes' pickup truck?
 {¶ 6} No. I did not conduct an inventory. It wasn'tnecessary."
 {¶ 7} On re-direct, the prosecutor expanded upon the inventory line of questioning.
{¶ 8} "Q. Now, you were involved in inventorying the truck?
 {¶ 9} I was — well, I was involved in finding out if I neededto inventory the truck.
 {¶ 10} Q. And something came to your attention or didsomething cause you some concern that you had to do a differenttype of procedure?
 {¶ 11} Yeah. Based on what we have to do, depending on likeagain, I said prior convictions for DUI."
 {¶ 12} Thereupon, counsel for the defendant objected. During a sidebar conference, Himes moved for a mistrial based upon the improper testimony by Miller.
 {¶ 13} The trial judge advised the parties that she would have to advise the jury that Himes had no prior convictions to cure the improper testimony. The prosecutor agreed that a curative instruction was satisfactory. However, the trial judge then divulged that she had a LEADS report, indicating that Himes had a prior DUI conviction four months earlier in Georgia. Neither the prosecutor nor defense counsel claimed they knew about this prior conviction. Based upon this new evidence and the improper testimony, the judge felt that a curative instruction was inappropriate and that a mistrial was warranted. After learning of the prior DUI, the prosecutor requested a mistrial.
 {¶ 14} Himes argued that the prior conviction would go only towards enhancement of the penalty and therefore withdrew his motion for a mistrial and asked for a curative instruction. He recommended that the jury be instructed to disregard the prosecutor's last question and Miller's response. Even after Himes withdrew his motion, the prosecutor insisted upon a mistrial.
 {¶ 15} The court then ruled that, "[B]ased upon the motion it's been withdrawn from counsel for the defendant and the motion for the prosecution. I am going to grant a mistrial." The court's journal entry provided: "7/23/03 Defendant in court with counsel. Jury empaneled and sworn. Jury trial commenced. Mistrial declared. Case reset for jury trial 10/01/03 at 8:30 a.m."
 {¶ 16} Himes requested that the court journalize its grounds for declaring a mistrial as required by R.C. 2945.36. The court filed a nunc pro tunc entry explaining its reasoning as follows:
{¶ 17} "Nunc pro tunc to 7/23/03
 {¶ 18} The Court granted defendant's Motion for Mistrialbecause it appeared the jury would not be able to erase fromtheir minds an impression that defendant had a prior DUIconviction. Before trial, the Court granted Defendant's Motion inLimine prohibiting the introduction of testimony regardingdefendant's prior DUI convictions. A state's witness, NorthOlmsted Police Officer, testified that he checked defendant'srecord for prior DUI convictions in order to decide whether toimpound the car. Defense counsel jumped up and strenuouslyobjected and requested a mistrial at that point. The Courtobserved that the jury inferred from what they saw and heard thatthe officer was offering damaging testimony about defendant'sprior conviction for DUI. Discussion was had out of the jury'spresence as to a curative instruction. The Court became convincedthat a fair trial could not be had because the jury had theimpression that the defendant had a prior DUI conviction."
 {¶ 19} Himes later moved to dismiss the charges against him, arguing that a retrial would violate his right of protection against double jeopardy.[2] The trial court denied his motion. Prior to the commencement of the second trial, Himes pled no contest to the lesser offense of reckless operation and the remaining charges were dismissed. This court consolidated the appeals from both cases. Himes raises two assignments of error on appeal.
 {¶ 20} Initially, we must determine whether Himes properly preserved for appeal the matters that he raises in his assignments of error.
 {¶ 21} The City contends that Himes, by agreeing to a plea bargain and pleading no contest, waived his right to appeal. Additionally, it argues that Himes should have filed a direct appeal when the trial court denied his motion to dismiss. We disagree.
 {¶ 22} Crim.R. 12(I) states that,
{¶ 23} "The plea of no contest does not preclude a defendantfrom asserting upon appeal that the trial court prejudiciallyerred in ruling on a pretrial motion, including a pretrial motionto suppress evidence."
 {¶ 24} In State v. Luna (1982), 2 Ohio St.3d 57, 58,442 N.E.2d 1284, it was noted that Crim.R. 12(I) is important to preserve, not waive, the right to appeal pretrial rulings.
 {¶ 25} The Ohio Supreme Court in State v. Crago (1990),53 Ohio St.3d 243, syllabus, 559 N.E.2d 1353, held that "the overruling of a motion to dismiss on the ground of double jeopardy is not a final appealable order subject to immediate appellate review." The Court further held that "the proper remedy for seeking judicial review of the denial of a motion to dismiss on the ground of double jeopardy is a direct appeal to the court of appeals at the conclusion of the trial court proceedings."Wenzel v. Enright (1993), 68 Ohio St.3d 63, 623 N.E.2d 69, paragraph two of the syllabus.
 {¶ 26} Based on the above, we find that Himes has properly preserved his right to appeal the trial court's denial of his motion to dismiss.
 Nunc Pro Tunc Judgment Entry {¶ 27} In his first assignment of error, Himes argues that the trial court erred in issuing a nunc pro tunc judgment entry to reflect an order the court did not make. Specifically, Himes argues that the record does not reflect that the trial court granted his motion for mistrial. Instead, he claims that the record shows that the trial court either granted the prosecution's motion or the trial court sua sponte declared a mistrial.
{¶ 28} "A nunc pro tunc order may be issued by a trial court,as an exercise of its inherent power, to make its record speakthe truth. It is used to record that which the trial court did,but which has not been recorded. It is an order issued now, whichhas the same legal force and effect as if it had been issued atan earlier time, when it ought to have been issued. Thus, theoffice of a nunc pro tunc order is limited to memorializing whatthe trial court actually did at an earlier point in time. * * *It can be used to supply information which existed but was notrecorded, to correct mathematical calculations, and to correcttypographical or clerical errors. * * *
 {¶ 29} A nunc pro tunc order cannot be used to supply omittedaction, or to indicate what the court might or should havedecided, or what the trial court intended to decide. Its properuse is limited to what the trial court actually did decide. * * *That, of course, may include the addition of matters omitted fromthe record by inadvertence or mistake of action taken. * * *Therefore, a nunc pro tunc order is a vehicle used to correct anorder previously issued which fails to reflect the trial court'strue action." State v. Greulich (1988), 61 Ohio App.3d 22,24-25, 572 N.E.2d 132.
 {¶ 30} In the instant case, the nunc pro tunc entry states, in pertinent part, "[T]he Court granted Defendant's Motion for Mistrial * * *." Himes argues that the trial court could not have granted his motion because it was withdrawn, as was acknowledged by the trial court in the following statement:
{¶ 31} "Based upon the motion it's been withdrawn from counselfor the defendant and the motion for the prosecution. I am goingto grant a mistrial."
 {¶ 32} We find that the nunc pro tunc entry memorialized the reason the trial court declared the mistrial. Although it is difficult to ascertain from the record whose motion the trial court granted, the nunc pro tunc entry does not alter the overall effect that a mistrial was declared. Even if the nunc pro tunc entry contained factual errors, the exact language found in the entry is irrelevant in the instant case.[3] The issue before this court is whether double jeopardy attached, prohibiting a retrial.
 {¶ 33} Accordingly, Himes' first assignment of error is overruled.
 Double Jeopardy {¶ 34} In his second assignment of error, Himes argues that the trial court erred by failing to dismiss the charges against him on the grounds that a retrial would subject him to double jeopardy. Specifically, he claims that no manifest necessity existed for the declaration of a mistrial, and that the mistrial was predicated upon prosecutorial misconduct.
 {¶ 35} The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment, protects a criminal defendant from multiple prosecutions for the same offense. Oregon v.Kennedy (1982), 456 U.S. 667, 72 L.Ed.2d 416, 671,102 S.Ct. 2083.
 {¶ 36} Generally, there are no double jeopardy considerations when a mistrial is declared. State v. Gaines, Cuyahoga App. No. 82301, 2003-Ohio-6855. If a defendant's motion for mistrial is granted, or the trial court sua sponte declares a mistrial, the State is usually not precluded from retrying a criminal defendant. United States v. Tateo (1964), 377 U.S. 463, 467,12 L.Ed.2d 448, 84 S.Ct. 1587; State v. Loza (1994),71 Ohio St.3d 61, 70, 64 N.E.2d 1082.
 {¶ 37} However, a narrow exception to this rule applies when the defendant's request or the judge's actions are prompted or instigated by prosecutorial misconduct designed to goad the defendant into seeking a mistrial. Oregon v. Kennedy,456 U.S. at 676; State v. Glover (1988), 35 Ohio St.3d 18,517 N.E.2d 900.
{¶ 38} "Prosecutorial misconduct, by itself, is not enough totrigger the exception to the Double Jeopardy Clause — the statemust intend `to subvert the protections afforded by the DoubleJeopardy Clause.' Kennedy, supra, 456 U.S. at 675. In otherwords, only conduct `intentionally calculated to cause or invitemistrial' will bar retrial. United States v. Thomas (C.A. 6,1984), 728 F.2d 313, 318." State v. Girts (1997),121 Ohio App.3d 539, 551, 700 N.E.2d 395.
 {¶ 39} In determining whether the requisite prosecutorial intent was present, this court may consider the following factors: (1) whether a sequence of overreaching existed prior to the single prejudicial incident, (2) whether the prosecutor resisted or was surprised by the defendant's motion for a mistrial, and (3) the findings of the trial court concerning the intent of the prosecutor. Kennedy, supra (Powell, J., concurring).
 {¶ 40} Despite the trial court's initial reaction that the prosecutor "ruined the trial," we cannot say that the prosecutor intended to goad Himes into asking for a mistrial. Considering the factors set forth above, we find that no sequence of overreaching existed prior to the City questioning Miller about his inventory of Himes' truck. Instead, the act which prompted the request for a mistrial was a single line of questioning, which may have elicited improper testimony.
 {¶ 41} Secondly, the City initially opposed the mistrial request and agreed to a curative instruction. The prosecutor did not seek a mistrial until the trial judge revealed the LEADS report. Even though the prosecutor may have invited the error upon which the court ordered a mistrial, there is no indication in the record that the City intended to provoke a mistrial. The LEADS report had yet to be disclosed. It cannot be reasonably said that the City's conduct goaded the defendant into requesting a mistrial for the sole purpose of removing the case from the jury and thus violating Himes' constitutional rights. SeeGirts, supra.
 {¶ 42} While we find no prosecutorial misconduct, double jeopardy also bars retrial when the trial court abuses its discretion in granting a mistrial. Glover, supra. "For us to find an abuse of discretion * * * we must find more than an error of judgment. We must find that the trial court's ruling was unreasonable, arbitrary or unconscionable." State v. Xie
(1992), 62 Ohio St.3d 521, 527.
 {¶ 43} In determining whether the trial court properly exercised its discretion in declaring a mistrial without the request or consent of the defendant, reviewing courts look to whether (1) there was a manifest necessity or high degree of necessity for ordering a mistrial or (2) the ends of public justice would otherwise be defeated. Arizona v. Washington
(1978), 434 U.S. 497, 505-506, 54 L.Ed.2d 717, 98 S.Ct. 824;State v. Widner (1981), 68 Ohio St.2d 188, 189-190,429 N.E.2d 1065.
 {¶ 44} A "manifest necessity" for a mistrial does not mean that a mistrial was absolutely necessary or that there was no other alternative. State v. Ross, Summit App. No. 20980, 2002-Ohio-7317, citing Washington, supra. A trial court abuses its discretion by declaring a mistrial without considering any alternatives. United States v. Jorn (1971), 400 U.S. 470,27 L.Ed.2d 543, 91 S.Ct. 547; Washington, supra. To exercise "sound discretion" in determining that a mistrial is necessary, the trial judge should allow both parties to state their positions on the issue, consider their competing interests, and explore some reasonable alternatives before declaring a mistrial.Ross, supra, citing Washington, supra.
 {¶ 45} In the instant case, although Himes withdrew his motion for a mistrial and requested a curative instruction to disregard the last question and Miller's response, the trial judge determined that a mistrial was warranted. She found that the jury would be unable to erase from their minds the impression that the defendant had a prior DUI conviction. By granting the mistrial, the court allowed the prosecution to benefit from its own improper question.
 {¶ 46} We find that no manifest necessity existed to warrant a mistrial. A curative instruction to either disregard the last question and Miller's response, or that "to the officer's knowledge, Himes had no prior DUI convictions" would have been sufficient to cure any possible prejudice. Finding that the trial court abused its discretion in declaring a mistrial, we also find that a retrial was barred by double jeopardy. Therefore, Himes' motion to dismiss should have been granted.[4]
 {¶ 47} Accordingly, the second assignment of error is sustained.
 {¶ 48} Judgment reversed and conviction vacated.
 {¶ 49} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee the costs herein.
It is ordered that a special mandate be sent to the Rocky River Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, J. concurs;
Dyke, P.J. Concurs in Judgment Only.
[1] Case No. 03-TRC-02342.
[2] As a result of the information about the prior conviction, Himes was also charged with no operator's license in Case No. 03-TRD-21204, which was then consolidated with the Case No. 03-TRC-02342.
[3] Furthermore, App.R. 9(E) allows a party to correct the trial court's record when it contains a misstatement as to what actually occurred. Therefore, Himes had an adequate remedy to correct the record.
[4] No argument has been raised by Himes or the City concerning Case No. 03-TRD-21204, the charge of no operator's license, so we do not reach the merits of that case. See App.R. 12(A)(1)(b).