I respectfully dissent from the majority position that finds the August 8, 2005 judgment entry to be a proper nunc pro tunc entry for the original July 22, 2005 entry. Although I agree with the majority position on the summary judgment ruling, I would remand the case to the trial court to properly reconsider the original ruling in the July 22, 2005 entry.
"`A nunc pro tunc order cannot be used to supply omitted action, or to indicate what the court might or should have decided, or what the trial court intended to decide. Its proper use is limited to what the trial court actually did decide. * * * That, of course, may include the addition of matters omitted from the record by inadvertence or mistake of action taken. * * * Therefore, a nunc pro tunc order is a vehicle used to correct an order previously issued which fails to reflect the trial court's true action.'" City of N. Olmsted v. Himes, Cuyahoga App. Nos. 84076, 84078, 2004-Ohio-4241, quoting State v. Greulich (1988),61 Ohio App.3d 22, 24-25, 572 N.E.2d 132.
I find it hard to accept the premise that the July 22, 2005 entry contained a "clerical error" or was the type of entry that falls within the class of entries that may be modified by a nunc pro tunc entry. The July 22, 2005 order was written in a clear and concise form and was signed by the trial court. It contained no typographical or clerical errors. The August 8, 2005 entry reflects a clear change in the court's position. The fact that the language "Please note that the clerk's office has committed a clerical error" appears in this nunc pro tunc entry does not cure this fact.
Because the July 22, 2005 entry only partially disposed of the case, the trial court was well within its right to reconsider and, if it chose, to re-rule on the original summary judgment motion. See Nilavar v. Osborn (2000), 137 Ohio App.3d 469, 499. A nunc pro tunc order, however, cannot be used as a substitute for a proper reconsideration of a prior ruling. While it may be an exercise that changes nothing, I would nevertheless reverse the ruling and remand the case for the July 22, 2005 order to be properly reconsidered.