[Cite as *State v. Truhlar*, 2017-Ohio-9018.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105385**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MATTHEW TRUHLAR

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-576248-A

**BEFORE:** Keough, A.J., Celebrezze, J., and Jones, J.

**RELEASED AND JOURNALIZED:** December 14, 2017

**ATTORNEY FOR APPELLANT**

Russell S. Bensing
600 IMG Building
1360 East Ninth Street
Cleveland, Ohio 44114


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By: Brett Hammond
Denise J. Salerno
Katherine Mullin
Assistant County Prosecutors
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, A.J.:

{¶1} Defendant-appellant, Matthew Truhlar, appeals the trial court's decision denying his motion to dismiss the indictment on Double Jeopardy grounds. For the reasons that follow, we affirm the trial court's decision.

{¶2} In July 2013, Truhlar was indicted for rape, gross sexual imposition, and two counts of kidnapping that allegedly occurred in 1993. After the court denied Truhlar's motion to dismiss the indictment for preindictment delay, the matter proceeded to a bench trial. The trial court granted Truhlar's Crim.R. 29 motion for judgment of acquittal on the gross sexual imposition, and the remaining charges were taken under advisement by the court following the close of all the evidence.

{¶3} Five days later, the state moved to "supplement the trial record" with the victim's medical records. Truhlar moved for a mistrial and also renewed his motion for preindictment delay. Following a hearing on the pending motions, the trial court granted Truhlar's motion for a mistrial and dismissed the case with prejudice. The state appealed and Truhlar cross-appealed.

{¶4} In *State v. Truhlar*, 8th Dist. Cuyahoga No. 103312, 2016-Ohio-5338, this court upheld the trial court's decision granting Truhlar's motion for a mistrial, but reversed the trial court's decision dismissing the case with prejudice.[1] In analyzing the issue, this court noted that the Double Jeopardy Clause does not bar reprosecution in every case. "Where a defendant requests a mistrial, double jeopardy does not bar a

---

[1]No appeal was made to the Ohio Supreme Court.

retrial unless the defendant's request for mistrial is precipitated by prosecutorial misconduct intended to provoke a defendant into seeking a mistrial." *Id*. at ¶ 34, citing *N. Olmsted v. Himes*, 8th Dist. Cuyahoga Nos. 84076 and 84078, 2004-Ohio-4241, ¶ 36-37. This court found that "the state did not invite a mistrial," and therefore, the case should not been dismissed. *Id*. at ¶ 36. Accordingly, this court remanded the case back to the trial court for retrial. *Id*. at ¶ 47.

{¶5} Following our decision in *Truhlar I*, the case was remanded to the trial court. Truhlar filed a motion to dismiss, arguing that a retrial would violate his constitutional right against double jeopardy because the mistrial was provoked by the prosecution. The trial court denied his motion, concluding that the state did not provoke the mistrial.

{¶6} Truhlar appeals this decision, contending in his sole assignment of error that the trial court erred in denying his motion to dismiss.

{¶7} As this court stated in *Truhlar I*,

> The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment, protects a criminal defendant from multiple prosecutions for the same offense. *Oregon v. Kennedy*, 456 U.S. 667, 671, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982).

> The Double Jeopardy Clause does not, however, bar reprosecution in every case. Where a defendant requests a mistrial, double jeopardy does not bar a retrial unless the defendant's request for a mistrial is precipitated by prosecutorial misconduct intended to provoke a defendant into seeking a mistrial. *N. Olmsted v. Himes*, 8th Dist. Cuyahoga Nos. 84076 and 84078, 2004-Ohio-4241, ¶ 36-37.

> As this court explained in *Himes*:

Generally, there are no double jeopardy considerations when a mistrial is declared. *State v. Gaines*, 8th Dist. Cuyahoga No. 82301, 2003-Ohio-6855. If a defendant's motion for mistrial is granted, or the trial court sua sponte declares a mistrial, the state is usually not precluded from retrying a criminal defendant. *United States v. Tateo* (1964), 377 U.S. 463, 467, 12 L.Ed.2d 448, 84 S.Ct. 1587; *State v. Loza* (1994), 71 Ohio St.3d 61, 70, 1994-Ohio-409, 641 N.E.2d 1082.

However, a narrow exception to this rule applies when the defendant's request or the judge's actions are prompted or instigated by prosecutorial misconduct designed to goad the defendant into seeking a mistrial. *Oregon v. Kennedy*, 456 U.S. at 676; *State v. Glover* (1988), 35 Ohio St.3d 18, 517 N.E.2d 900.

"Prosecutorial misconduct, by itself, is not enough to trigger the exception to the Double Jeopardy Clause — the state must intend 'to subvert the protections afforded by the Double Jeopardy Clause.' *Kennedy, supra*, 456 U.S. at 675. In other words, only conduct 'intentionally calculated to cause or invite mistrial' will bar retrial. *United States v. Thomas* (C.A.6, 1984), 728 F.2d 313, 318." *State v. Girts* (1997), 121 Ohio App.3d 539, 551, 700 N.E.2d 395.

*Id*. at ¶ 36-38.

*Truhlar*, 8th Dist. Cuyahoga No. 103312, 2016-Ohio-5338, at ¶ 33-35.

{¶8} In *Truhlar I*, this court held that the double jeopardy clause would not be violated if the state attempted to retry Truhlar again. Accordingly, this court has already declared that the state did not invite the mistrial to trigger the exception to the Double Jeopardy Clause. *Id*. at ¶ 33-36, 47. This holding, whether rightfully or wrongfully considered in *Truhlar I*, is the law of the case, and the assignment of error raised in this appeal is barred by res judicata.

{¶9} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, ADMINISTRATIVE JUDGE

FRANK D. CELEBREZZE, JR., J., and
LARRY A. JONES, SR., J., CONCUR